Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Marvin Aspen | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3953 | **DATE** | 7/1/2013 |
| **CASE TITLE** | Kim Van Pelt vs. Roosevelt Uniersity, et al | | |

**DOCKET ENTRY TEXT**

      If Plaintiff wishes to proceed with this lawsuit, she must—by July 26, 2013—either: (1) file an amended *in forma pauperis* application; or (2) pay the $400 civil case filing fee. If Plaintiff elects to file an amended *in forma pauperis* application, she must answer *all* questions fully and completely, including all details necessary to explain her financial situation. If Plaintiff takes no action by July 26, 2013, this case will be dismissed.

      For the reasons set forth below, we deny Plaintiff's application to proceed *in forma pauperis* and motion for appointment of counsel, without prejudice. It is so ordered.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

<small>(Reserved for use by the Court)</small>

## ORDER

Presently before us is Plaintiff Kim Van Pelt's application to proceed *in forma pauperis* and motion for appointment of counsel in her lawsuit against her former employer, Roosevelt University, and a supervisor. Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of her complaint and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Although Plaintiff submitted the required financial affidavit in support of her allegation of poverty, that affidavit is inadequate. Plaintiff indicates that she is no longer employed and is not married. (IFP Fin. Aff. ¶¶3–4.) (Plaintiff also alleges in the complaint, however, that she was fired for counseling her husband. It is entirely possible that she is no longer married; we simply note the discrepancy on the documents before us that raise a question about whether she receives financial support from a current or former spouse.) She reports that she received $19.52 in unemployment in total over the past twelve months. (*Id.* ¶ 4.f.) Plaintiff states that neither she, nor anyone she lives with, has received any other wages, benefits, public assistance, gifts, or other income exceeding $200 in the past twelve months. (*Id.* ¶ 4.) Plaintiff states that her house is in foreclosure and her car has been totaled. (*Id.* ¶¶ 7–8.) Importantly, she did not respond to Question 5, which asks whether she, or anyone she lives with, have cash exceeding $200 in any bank account. (*Id.* ¶ 5.)

Plaintiff was required to disclose any and all support in her affidavit. (*See id.* ¶ 4 (seeking information about petitioner's support from wages, self-employment, gifts, public assistance, disability and "any other sources" of income).) Given Plaintiff's questionable responses, we cannot assume that she falls under the poverty threshold. *See* Health and Human Services 2013 Poverty Guidelines (setting the guideline at $15,510 annually for a two-person household); *see also McRoyal v. Exelon Corp.*, No. 05 C 6054, 2007 WL 164221, at *1 (N.D. Ill. Jan. 17, 2007) (noting denial of an earlier IFP application as "inherently unbelievable"). Because she has not demonstrated indigence, we are obligated to deny her *in forma pauperis* application.

For the same reason, we also deny Plaintiff's motion for appointment of counsel. We add that, before we will appoint counsel, a litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006). We typically require a litigant to submit documentation that demonstrates the refusal of numerous attorneys to accept the case. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Plaintiff should keep these standards in mind should she renew her motion in the future. Although we need not address the sufficiency of the complaint at this time, we identify an error that Plaintiff might wish to correct if she decides to pursue this case. In her request to proceed *in forma pauperis*, Plaintiff states that her employment ended February 25, 2013. In her complaint and in her IDHR charge of discrimination, however, Plaintiff indicated that she was fired on February 24, 2012.

If Plaintiff wishes to proceed with this lawsuit, she must—by July 26, 2013—either: (1) file an amended *in forma pauperis* application; or (2) pay the $400 civil case filing fee. If Plaintiff elects to file an amended *in forma pauperis* application, she must answer *all* questions fully and completely, including all details necessary to explain her financial situation. If Plaintiff takes no action by July 26, 2013, this case will be dismissed.

For the reasons set forth above, we deny Plaintiff's application to proceed *in forma pauperis* and motion for appointment of counsel, without prejudice. It is so ordered.