**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KIM VAN PELT,                                    )
                                                 )
                        Plaintiff,               )
                                                 )
        v.                                       )        13 C 3953
                                                 )        Hon. Marvin E.
ROOSEVELT UNIVERSITY,                   Aspen ) ) )
and SHEILA COFFIN,                               )

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Presently before us are Plaintiff Kim Van Pelt's motion for default judgment  (Dkt. No.

15) and Defendants' partial motion to dismiss (Dkt. No. 22). For the reasons discussed  below,

we deny Plaintiff's motion and grant Defendants' motion. Plaintiff's discrimination claim

against Roosevelt University, based on her allegedly unlawful discharge, remains pending.

**BACKGROUND**

Plaintiff, a pro se litigant, initially sought to file her complaint on May 28, 2013.  We

granted her petition to proceed in forma pauperis with the lawsuit on August 28, 2013, at which

time her complaint became effective.  (Dkt. Nos. 10–12.) On September 9, 2013, the U.S.

Marshals filed the executed service of summons for Defendants Roosevelt University and Sheila

Coffin.  (Dkt. Nos. 13–14.)  The executed, returned summons indicate that the U.S. Marshals

served process on Cheryl Gouldsby, assistant to the president of Roosevelt University.  (*Id.*)  On

October 11, 2013, Plaintiff filed the present motion for judgment of default because neither

Roosevelt University, nor Coffin, had answered her complaint.  (Pl.'s Mot. at 1.)

As to the substance of the complaint, Plaintiff is a former employee of Roosevelt
University and alleges that Defendants terminated her and retaliated against her because of her
disability (multiple sclerosis) in violation of the Americans with Disabilities Act

("ADA").[1] (Compl. (Dkt. No. 12) ¶¶ 3–5, 9, 12.) She alleges that Coffin increased her workload but did not afford her more time to accomplish her work. (*Id.* ¶ 13.) Plaintiff claims that when she complained to human resources about her workload, she was told that everyone had to do more work. (*Id.*) In her Charge of Discrimination, filed with the Illinois Department of Human Rights ("IDHR") on March 8, 2012, she alleges that Coffin harassed her by making negative comments about her to staff and excluding her from meetings. (IDHR Charge (Dkt. No. 6) at 2 (cross-filed with the EEOC).) She states further that she was discharged by Coffin on February 24, 2012, for performance issues. (*Id.*) In her complaint, Plaintiff requests a jury trial, $250,000 in damages, and any other appropriate relief. (Compl. ¶¶ 15–16.)

## I.    MOTION FOR DEFAULT

We begin with Plaintiff's motion for default, which is governed in part by Federal Rule of Civil Procedure 55. Pursuant to Rule 55, the clerk of the court must enter an order of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). After a default has been entered, either the clerk or the court shall enter a default judgment in favor of the plaintiff for the specific amount of damages sought and substantiated by the plaintiff. Fed. R. Civ. P. 55(b) (authorizing the court to conduct hearings as needed to determine damages and enter judgment). Rule 55 thus sets out a two-step process—an entry of default, followed by a judgment in a certain amount—for the entry of final judgment against a defaulting defendant.

In this case, we also consider whether Plaintiff's service of summons and the complaint on Defendants complied with Rule 4. After all, "it is clear that no default judgment can be predicated upon [faulty] service." *Dana Mills, Inc. v. Brookline Fabrics, Inc.*, 94 F.R.D. 297, 299 (N.D. Ill. 1982). Pursuant to Rule 4, service on a corporate defendant, such as Roosevelt University, can be made by satisfying the Illinois state rules for service of an individual, or by

---

[1] Plaintiff also mentions in her complaint that she was "fired for practicing [her] right to talk to . . . [and] counsel [her husband] on morality during lunch." (Compl. ¶ 12(h).) Plaintiff requests, among other things, that Defendants accommodate her religion as part of her relief. (*Id.* ¶ 16(d).) Despite these two passing references to religion, the parties agree that Plaintiff brings her claims under the ADA *only* and that she is not pursuing a claim for religious discrimination. (*See* Pl.'s Resp. MTD ¶ 1 (stating that she filed a complaint "alleging violations of the" ADA, with no reference to other statutes or types of claims); *see also* Defs.' MTD Mem. at 6 n.5.)

"delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h).  Service on an individual defendant, such as Coffin, is effective if the summons and complaint are delivered to the individual personally, left at the individual's home "with someone of suitable age and discretion who resides there," delivered to an authorized agent, or otherwise delivered in compliance with the Illinois state service rules.  Fed. R. Civ. P. 4(e).

As Defendants' contend, (Defs.' DJ Resp. at 3–4), Plaintiff's service of her lawsuit, as executed by the U.S. Marshals, did not satisfy the requirements of Rule 4.  Ms. Coffin was not served individually or otherwise as permitted by Rule 4(e). Service of Defendants through Gouldsby was inadequate because she is not the type of agent authorized to accept service of process for either Defendant as described in Rule 4.[2]

Defendants further argue that they construed Plaintiff's attempted service as requesting a waiver. According to Defendants, the summons packet delivered to Gouldsby included Waiver of Service of Summons forms.  Under Rule 4(d), a defendant who receives notice of a lawsuit and a request for waiver of service "has a duty to avoid unnecessar y costs of serving the summons." Fed. R. Civ. P. 4(d)(2). In that event, the defendant ma y return the waiver of formal service in exchange for additional time to answer the complaint.  *Id.* at 4(d)(3) (providing that a defendant who waives service will have 60 days to answer, instead of the normal 21 days). Counsel for Defendants executed a waiver for each Defendant on October 7, 2013, thus allowing them through approximately November 9, 2013 to answer or otherwise plead.  (Defs.' DJ Resp., Ex. 2 (executed waivers).)  As a result, at the time that Plaintiff filed her motion for default,

---

[2]Although Gouldsby may be an agent of Roosevelt University in some respects, she is not authorized to accept service of process on its behalf.  (Defs.' DJ Resp., Ex. 3 (Sec'y of State Corporation File Detail Report, identifying Roosevelt University's corporate agent for service).)

Defendants believed their answer was not yet due. For her part, Plaintiff states that she has no knowledge about the waivers allegedly included in the package and disputes Defendants' execution thereof. (Pl.'s DJ Reply at 1–2.) She argues that an entry of default is warranted because Defendants admit they received the copies through Gouldsby and because they should have cleared up any confusion about the waiver with her instead of failing to answer. (*Id.* at 1–3.)

All in all, we conclude that Plaintiff's motion lacks merit. Although Plaintiff doubts Defendants' sincerity, their confusion about the waiver is justified. The issuance of waivers is common, and Defendants had no apparent reason to suspect that Plaintiff would question their decision to waive service, especially service of questionable efficacy. Regardless, Defendants appeared within days of receiving Plaintiff's motion and are actively defending the litigation. They partially answered the complaint and filed the pending motion to dismiss on October 29, 2013.[3] Under the circumstances, we decline to exercise our discretion to enter a default. *See* 10A Wright & Miller, *Fed. Prac. & Proc.* § 2685 (3d ed. 2013) (explaining that the judge "is required to exercise sound discretion in determining whether" default under Rule 55(c)(2) should be entered); *see also Macri v. Yamauchi*, 01 C 50168, 2002 WL 390223, at *2 (N.D. Ill. Mar. 11, 2002) (holding that a default would be pointless in light of the procedural history and noting that "even when the defendant is in default, it is within the court's discretion whether to enter" the order).

## II.    MOTION TO DISMISS

We turn then to Defendants' motion to dismiss. Defendants argue that Plaintiff's claims

---

[3] Even if we held Defendants in default, granting Plaintiff's motion would serve no purpose. If we entered default and Defendants then moved to vacate that order, Rule 55(c) allows us to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

against the individual defendant, Coffin, must be dismissed because Coffin is not an "employer" under the ADA. They also contend that Plaintiff's retaliation allegation must fail because she did not include it in her IDHR charge and, moreover, because it fails to state a claim upon which relief could be granted.[4] As discussed below, we agree with Defendants.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it

---

[4] Defendants do not seek dismissal on the grounds that Plaintiff neglected to submit a copy of a Notice of Right to Sue letter with her complaint. *See, e.g.*, *Worth v. Taylor*, 276 F.3d 249, 259 (7th Cir. 2001) (stating that lack of a letter could constitute a defense). Defendants aver in their answer that, despite her allegation to the contrary, Plaintiff received the notice letter. (Ans. ¶ 8.) Because the parties have not raised this issue, we need not address it.

rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

A pro se complaint must be construed liberally, and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted). However, procedural rules limit the latitude afforded a pro se litigant. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998); *Thompson v. Jones*, No. 11 C 1288, 2012 WL 3686749, at *3 (N.D. Ill. Aug. 24, 2013).

## ANALYSIS

### A.    Claims against Sheila Coffin

The ADA bans an "employer" from discriminating against an employee. 42 U.S.C. § 12112(a); *see also id.* § 12111(2) and (5) (defining "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"). Supervisors, however, cannot be held individually liable for discrimination under the ADA, in the absence of a direct employer-employee relationship. *Silk v. City of Chi.*, 194 F.3d 788, 797 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."); *E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1281 (7th Cir.

1995) ("We hold that individuals who do not otherwise meet the statutor y definition of 'employer' cannot be liable under the ADA.").

We can reasonabl y infer—from the complaint, from the charge of discrimination, and from Plaintiff's opposition to Defendants' motion—that Coffin was Plaintiff's supervisor, but not her employer. (*See* Compl. ¶ 13; IDHR Charge at 2; Pl.'s Resp. MTD ¶ 2.) Plaintiff describes Coffin as the "registrar" in her IDHR Charge. Plaintiff alleges that Coffin managed Plaintiff's workload and made the decision to fire her. (Compl. ¶ 13; IDHR Charge at 2; Pl.'s

Resp. MTD ¶ 2.) Yet Plaintiff has not alleged any facts suggesting that Coffin meets the statutory definition of "employer" under the ADA. Accordingly, Coffin cannot be held personally liable for any ADA violations and is hereby dismissed from this lawsuit.

### B.  Retaliation Claim

Defendants next contend that not only is Plaintiff's retaliation claim barred, it is also insufficient to state a claim for relief. As to the first argument, Defendants contend that because Plaintiff did not include a retaliation claim in her IDHR Charge, she cannot assert it here in federal court.  Defendants are correct that, generally speaking, claims not included in a plaintiff's underlying EEOC or IDHR charge of discrimination are subject to dismissal if later raised in a federal lawsuit.  *Graham v. AT&T Mobility, LLC*, 247 F. App'x 26, 28–29 (7th Cir. 2007); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see Collins v. Fox Home Ctr., Inc.*, 12 C 9555, 2014 WL 441427, at *4 (N.D. Ill. Feb. 4, 2014); *Peterson v. Bay Valley Foods, LLC*, 11 C 50309, 2012 WL 195036, at *2 (N.D. Ill. Jan. 23, 2012).  "This rule serves two purposes: affording the [agency] the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Indiana Dep't of Trans.*, 344 F.3d 720, 726 (7th Cir. 2003); *Cheek*, 31 F.3d at 500; *Ammons-Lewis v. Metropolitan Water Reclamation Dist. of Greater Chi.*, 11 C 6920, 2012 WL 1802148, at *3 (N.D. Ill. May 17,  2012).

Courts recognize an exception to this rule for "claims that are 'like or reasonably related' to the EEOC [or IDHR] charge, and can be reasonably expected to grow out of an [agency] investigation of the charges."  *Sitar*, 344 F.3d at 726 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc*., 538 F.2d 164, 168 (7th Cir. 1976)); *Cheek*, 31 F.3d at 500.  To qualify as "'like or reasonably related,' the claims must, at minimum, describe the same conduct and implicate the same individuals." *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir.

2010) (quoting *Cheek*, 31 F.3d at 500); *Graham*, 247 F. App'x at 29; *Peterson*, 2012 WL

195036, at *2; *see Ammons-Lewis*, 2012 WL 1802148, at *3 (noting that claims are reasonably

related if they share a factual relationship). Though this standard is broad, it does not allow

plaintiffs to bring a federal discrimination claim as within the scope of a charge of retaliation

filed with the IDHR, and vice versa. *Graham*, 247 F. App'x at 29 (dismissing plaintiff's

discrimination charges, even though they alleged the same conduct as a timely retaliation charge,

where the plaintiff had checked only the retaliation box on his EEOC charge). Indeed,

"retaliation, [disability] discrimination, and [disability] harassment charges are not like or

reasonably related to one another to permit an [agency] charge of one type of wrong to support a

subsequent civil suit for another." *Sitar*, 344 F.3d at 726 (internal quotation omitted);

*Swearnigen-El*, 602 F.3d at 864–65; *Collins*, 2014 WL 441427, at *4; *Shamim v. Siemens Indus.,

Inc.*, 854 F. Supp. 2d 496, 504 (N.D. Ill. 2012).

Here, Plaintiff's IDHR Charge, filed on March 8, 2012, fails to mention retaliation or any

facts supporting a retaliation claim. Her first claim asserted in the IDHR Charge is for

harassment on the basis of her disability, from October 2011 through her termination on Februar

y 24, 2012.[5](IDHR Charge at 1.) She alleges that Coffin "made negative comments about [her]

job performance to staff and excluded [her] from meetings." (*Id.* at 2.) In the second claim

included in the IDHR Charge, Plaintiff states that she was discharged "because of [her] physical

disability." (*Id.*) As Plaintiff described to the IDHR, Coffin terminated her employment due to

"performance issues and violation of code of conduct." (*Id.*) She neither informed the IDHR

that she had engaged in any protected activity, nor suggested that her discharge or other alleged

misconduct stemmed from her protected activity.

---

[5]Plaintiff has not asserted a harassment claim (also known as a hostile work environment claim)
in her federal complaint.

Consistent with the above authorities, Plaintiff cannot now raise a retaliation claim in her federal complaint, after failing to give the IDHR and Defendants any notice that she might have such a claim. *Collins*, 2014 WL 441427, at *4 ("Complaining of . . . wrongful discharge is insufficient to exhaust administrative remedies as to retaliation . . . claims.") Her federal complaint suggests that she was fired and/or retaliated against for (1) "practicing [her] right to talk to . . . [and] counsel [her husband] on morality during lunch;" and (2) complaining to human resources about her increased workload. (Compl. ¶¶ 12(h), 13.) These allegations are not "like or reasonably related" to the disability allegations presented to the IDHR. Indeed, she did not include either of these incidents in her IDHR Charge. In her IDHR Charge, Plaintiff specifically complained that she was discharged because of her *disability*, not as retaliation. Although she generally accuses Coffin in both the IDHR Charge and the complaint, Plaintiff has not described the same type of conduct as the bases for her claims in each forum. Nor can we hold, under these circumstances, that Plaintiff's current retaliation claims were "reasonably expected to grow out of" the IDHR's investigation into her disability Charge of Discrimination. *Sitar*, 344 F.3d at 726; *Cheek*, 31 F.3d at 500; *see Swearnigen-El*, 602 F.3d at 864–65 (affirming dismissal of retaliation claim where the plaintiff's EEOC charge did not "indicate that action had been taken against him for reasons other than his race and gender"). An investigation into Defendants' reasons for her discharge would not include inquiry into the two retaliator y incidents she now alleges in her complaint.

Turning to Defendants' second argument, we further conclude that—even if her retaliation claim was not barred—Plaintiff has failed to state a claim for retaliation under the ADA. Under the ADA, it is unlawful for an employer to retaliate against an employee who has opposed an y discriminatory practice in the workplace or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" addressing

such concerns.  42 U.S.C. § 12203(a); *see Twisdale v. Snow*, 325 F.3d 950, 952 (7th Cir. 2003)

(also observing that the anti-retaliation provisions of the ADA and Title VII are "materially

identical").  To state a retaliation claim, a plaintiff must, among other things, allege that she

"engaged in a statutorily protected activity."  *Dickerson v. Board of Trs. of Comm. Coll. Dist.

No. 522*, 657 F.3d 595, 601–02 (7th Cir. 2011); *Ryan v. Pace Suburban Bus Div. of Reg'l

Transp. Auth.*, 837 F. Supp. 2d 834, 840 (N.D. Ill. 2011); *Andrews v. City of Chi.*, 836 F. Supp.

2d 696, 700 (N.D. Ill. 2011).  In other words, a retaliation plaintiff must plead that she

complained about the alleged discrimination.

> An employee, of course, need not use the words '[d]isability discrimination' to
> bring her speech within [the ADA's] retaliation protections. . . . But she has to at
> least say something to indicate her [disability] is an issue.  An employee can
> honestly believe she is the object of discrimination, but if she never mentions it, a
> claim of retaliation is not implicated, for an employer cannot retaliate when it is
> unaware of any complaints.

*Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1007–08 (7th Cir. 2000) (internal

citation omitted); *see Sitar*, 344 F.3d at 727 (concluding that a plaintiff doomed one of

her

retaliation theories because, while she complained that she "felt picked on," she never told her

employer that she felt discriminated against because of her sex).

In her complaint, Plaintiff alleges that she "complained to HR" after Coffin increased her

workload "and was told that ever yone had to do more work." (Compl. ¶ 13 (also claiming that

she was not given additional time to do her work).) Plaintiff does not allege in the complaint—

or otherwise state in her response to this motion—that she informed human resources, or an yone

else at Roosevelt University, that she felt that she was being discriminated against *because of her*

*disability.*[6] That missing allegation is a basic element of a retaliation claim and, without it, her claim must fail.

For these reasons, we grant Defendants' motion and dismiss the retaliation claims, without prejudice. *See Ammons-Lewis*, 2012 WL 1802148, at *4 (dismissing an unexhausted ADA claim without prejudice, in case the plaintiff could exhaust and later re-plead the claim).

## CONCLUSION

As discussed above, we deny Plaintiff's motion for entry of default (Dkt. No. 15) and grant Defendants' partial motion to dismiss (Dkt. No. 22). Accordingly, Coffin is terminated from this litigation and is no longer a party. Plaintiff's retaliation claim is also dismissed. Plaintiff may proceed with her discrimination claim, based on her discharge, against Roosevelt University. This case remains set for status on May 15, 2014 at 10:30 a.m. It is so ordered.

Dated: March 25, 2014

Martin E. Aspen United States District Judge

---

[6] Plaintiff states in her response that although she "had an appointment to talk with HR," she "was fired before the meeting." (Pl.'s MTD Resp. ¶ 3.) This assertion is inconsistent with her complaint, but we ignore the discrepancy for purposes of this motion.